**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| JEFFREY SCHAEFFER, Individually and for Others Similarly Situated | Case No. _____ |
| v. | Jury Trial Demanded |
| ALLEGHENY TECHNOLOGIES INCORPORATED d/b/a ATI INC. | FLSA Collective Action<br>Rule 23 Class Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Jeffrey Schaeffer (Schaeffer) brings this class and collective action to recover unpaid wages and other damages from Allegheny Technologies Incorporated d/b/a ATI Inc. (ATI).

2.      ATI employed Schaeffer as one of its Hourly Employees (defined below) in Pennsylvania.

3.      ATI pays Schaeffer and the other Hourly Employees by the hour.

4.      Schaeffer and the other Hourly Employees regularly work more than 40 hours a workweek.

5.      But ATI does not pay Schaeffer and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

6.      Instead, ATI pays Schaeffer and the other Hourly Employees non-discretionary bonuses that ATI fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates (ATI's "bonus pay scheme").

7.      ATI's bonus pay scheme violates the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA) by failing to compensate Schaeffer and the other Hourly

Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

8. Likewise, ATI's bonus pay scheme violates the Pennsylvania Wage Payment and Collection Law (WPCL) by depriving Schaeffer and the other Hourly Employees of earned overtime wages on their regular paydays and/or following the termination of their employment.

**JURISDICTION & VENUE**

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. This Court has general personal jurisdiction over ATI because it is registered to do business in the Commonwealth and based on its substantial contacts with and actions directed toward the Commonwealth. *See Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 134 (2023); *see also* 42 PA. CONS. STAT. § 5301.

12. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

13. Specifically, ATI employed Schaeffer subject to its bonus pay scheme in its Washington, Pennsylvania facility.

**PARTIES**

14. ATI employed Schaeffer as an electrician from approximately February 2023 to May 2024.

15. Throughout his employment, ATI paid Schaeffer under its bonus pay scheme.

16. Schaeffer's written consent is attached as **Exhibit 1**.

17.     Schaeffer brings this class and collective action on behalf of himself, and other ATI employees paid under its bonus pay scheme.

18.     The putative FLSA collective of similarly situated employees is defined as:

> **All hourly ATI employees who were paid a bonus during the last three years through final resolution of this action (the "FLSA Collective Members").**

19.     The putative Pennsylvania class of similarly situated employees is defined as:

> **All hourly ATI employees who worked in, or were based out of, Pennsylvania[1] who were paid a bonus during the last 3 years through final resolution of this action (the "Pennsylvania Class Members").**

20.     The FLSA Collective Members and the Pennsylvania Class Members are collectively referred to as the "Hourly Employees."

21.     ATI is a Delaware corporation headquartered in Pittsburgh, Pennsylvania.

22.     ATI may be served with process by serving its officers, directors, managing agents, or general agents at its registered address: **116 15th St., Ste. 301, Pittsburgh, Pennsylvania 15222.**

### FLSA COVERAGE

23.     At all relevant times, ATI was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

---

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).

24. At all relevant times, ATI was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, ATI was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

26. At all relevant times, ATI had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

27. At all relevant times, Schaeffer and the other Hourly Employees were ATI's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

28. At all relevant times, Schaeffer and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

29. ATI touts that its "capabilities range from alloy development and vacuum melting to rolling, forging, powder and additive manufacturing, with high-value fabrication services" and employs more than 7,000 employees globally.[2]

30. To meet its business objectives, ATI employs workers, including Schaeffer and the other Hourly Employees.

31. For example, ATI employed Schaeffer as an electrician in its Washington, Pennsylvania facility from approximately February 2023 to May 2024.

---

[2] https://www.atimaterials.com/business/Pages/default.aspx and
https://careers.atimaterials.com/us/en (last visited March 7, 2025).

32.     As an electrician, Schaeffer's primary job duties included preparing and starting up machinery, ensuring machinery was functioning properly, troubleshooting problems, as well as other tasks such as replacing overhead lighting around the mill using an overhead crane.

33.     Throughout his employment, Schaeffer has regularly worked more than 40 hours a workweek.

34.     Indeed, Schaeffer typically worked approximately 12 and up to 16 hours a day for 5 to 7 days a week (60 to 84 hours a workweek).

35.     And ATI paid Schaeffer approximately $27 an hour.

36.     Likewise, the other Hourly Employees typically worked approximately 12 hours a day for 5 to 7 days a week (60 to 84 hours a workweek).

37.     And Schaeffer and the other Hourly Employees are required to report their "on the clock" hours worked via ATI's timekeeping system.

38.     At the end of each pay period, Schaeffer and the other Hourly Employees receive wages from ATI that are determined by common systems and methods that ATI selects and controls.

39.     But ATI does not pay Schaeffer and the other Hourly Employees at the required overtime rate for all hours worked in excess of 40 a workweek.

40.     Instead, ATI pays Schaeffer and the other Hourly Employees under its bonus pay scheme.

41.     Specifically, ATI pays Schaeffer and the other Hourly Employees non-discretionary bonuses, including production bonuses, that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates of pay.

42.     Thus, under its bonus pay scheme, ATI does not pay Schaeffer and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

43.    Schaeffer brings his claims as a class action under Pennsylvania law pursuant to FED. R. CIV. P. 23 and a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

44.    Like Schaeffer, the other Hourly Employees are victimized by ATI's bonus pay scheme.

45.    Other Hourly Employees worked with Schaeffer and indicated they were paid in the same manner under ATI's bonus pay scheme.

46.    Based on his experience with ATI, Schaeffer is aware ATI's bonus pay scheme was imposed on other Hourly Employees.

47.    The Hourly Employees are similarly situated in the most relevant respects.

48.    Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

49.    Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

50.    Rather, ATI's bonus pay scheme renders Schaeffer and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

51.    ATI's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

52.    ATI's records also show it paid the Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

53. The back wages owed to Schaeffer and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

54. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to ATI's records, and there is no detraction from the common nucleus of liability facts.

55. Therefore, the issue of damages does not preclude class or collective treatment.

56. Schaeffer's experiences are therefore typical of the experiences of the other Hourly Employees.

57. Schaeffer has no interests contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

58. Like each Hourly Employee, Schaeffer has an interest in obtaining the unpaid wages owed under Pennsylvania and federal law.

59. Schaeffer and his counsel will fairly and adequately protect the interests of the Hourly Employees.

60. Schaeffer retained counsel with significant experience in handling complex class and collective action litigation.

61. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and ATI will reap the unjust benefits of violating the FLSA and Pennsylvania law.

62. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

63. Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and ATI.

64. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

65.     The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

66.     Among the common questions of law and fact are:

a.      Whether ATI paid the Hourly Employees non-discretionary bonuses;

b.      Whether ATI failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

c.      Whether ATI failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

d.      Whether ATI's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

e.      Whether ATI's violations were willful?

67.     As part of its regular business practices, ATI intentionally, willfully, and repeatedly violated the FLSA and Pennsylvania law with respect to Schaeffer and the other Hourly Employees.

68.     ATI's bonus pay scheme deprived Schaeffer and the other Hourly Employees of the overtime wages at the required premium rate—based on all remuneration—they are owed under federal and Pennsylvania law.

69.     There are many similarly situated Hourly Employees who have been denied overtime pay at the required rate—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

70.     The Hourly Employees are known to ATI, are readily identifiable, and can be located through ATI's business and personnel records.

**ATI's Violations Were Willful, Unreasonable, and
Not the Result of a *Bona Fide* Dispute**

71.     ATI knew it employed Schaeffer and the other Hourly Employees.

72.     ATI knew it was subject to the PMWA's and FLSA's overtime provisions.

73.     ATI knew the PMWA and FLSA required it to pay non-exempt employees, including Schaeffer and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek.

74.     ATI knew it was subject to the WPCL.

75.     ATI knew the WPCL required it to pay employees, including its Hourly Employees, all wages (including overtime) earned on their regular paydays and following the termination of their employment.

76.     ATI knew Schaeffer and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours worked to ATI via its timekeeping system.

77.     ATI knew Schaeffer and the other Hourly Employees were non-exempt employees entitled to overtime pay.

78.     ATI knew it paid Schaeffer and the other Hourly Employees non-discretionary bonuses.

79.     ATI knew these non-discretionary bonuses were not included in Schaeffer's and the other Hourly Employees' regular rates of pay for overtime purposes.

80.     And ATI knew the PMWA and FLSA required it to pay Schaeffer and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

81.     ATI's failure to pay Schaeffer and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

82.   ATI's refusal to pay its Hourly Employees earned wages for all hours worked on their regular paydays and following the termination of their employment was unreasonable.

83.   ATI's failure to pay its Hourly Employees their earned wages was not the result of a *bona fide* dispute.

84.   ATI knew its conduct violated the FLSA, PMWA, and WPCL.

85.     ATI knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Schaeffer and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA, PMWA, and WPCL.

### COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

86.     Schaeffer brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

87.     ATI violated, and is violating, the FLSA by employing non-exempt employees such as Schaeffer and the other FLSA Collective Members in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

88.     ATI's unlawful conduct harmed Schaeffer and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

89.     Accordingly, ATI owes Schaeffer and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

90.    Because ATI knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, ATI owes Schaeffer and the other FLSA Collective Members these wages for at least the past 3 years.

91.    ATI is also liable to Schaeffer and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

92.    Finally, Schaeffer and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

<u>COUNT II</u>
**FAILURE TO PAY OVERTIME WAGES UNDER THE PMWA**
**(PENNSYLVANIA CLASS)**

93.    Schaeffer brings his PMWA claim as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

94.    ATI's conduct violated the PMWA (43 PA. STAT. §§ 333.101, *et seq.*).

95.    At all relevant times, ATI was subject to the PMWA because ATI was (and is) an "employer" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(g).

96.    At all relevant times, ATI employed each Pennsylvania Class Member as its covered "employees" within the meaning of the PMWA. *See* 43 PA. STAT. § 333.103(h).

97.    The PMWA requires employers, like ATI, to pay non-exempt employees, including Schaeffer and the other Pennsylvania Class Members, overtime at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek. 43 PA. STAT. § 333.104(c); *see* 34 PA. CODE §§ 231.41-43.

98.    ATI violated, and is violating, the PMWA by employing non-exempt employees (Schaeffer and the other Pennsylvania Class Members) for workweeks in excess of 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all

remuneration—for all hours worked in excess of 40 in a workweek. *See* 43 PA. STAT. § 333.104(c); *see also* 34 PA. CODE §§ 231.41-43.

99.     ATI's unlawful conduct harmed Schaeffer and the other Pennsylvania Class Members by depriving them of the overtime wages they are owed.

100.     Accordingly, ATI owes Schaeffer and the other Pennsylvania Class Members the difference between the rate actually paid and the required overtime rate plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 333.113.

101.     Finally, Schaeffer and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 333.113.

## COUNT III
### FAILURE TO PAY EARNED WAGES UNDER THE WPCL
### (PENNSYLVANIA CLASS)

102.     Schaeffer brings his WPCL claim as a class action on behalf of himself and the other Pennsylvania Class Members pursuant to FED. R. CIV. P. 23.

103.     ATI's conduct violates the WPCL. 43 PA. STAT. §§ 260.1, *et seq.*

104.     At all relevant times, ATI was subject to the WPCL because ATI was (and is) an "employer" within the meaning of the WPCL. *See* 43 PA. STAT. § 260.2a.

105.     At all relevant times, ATI employed Schaeffer and each Pennsylvania Class Member as its covered "employees" within the meaning of the WPCL.

106.     The WPCL requires employers, like ATI, to pay employees, including Schaeffer and the other Pennsylvania Class Members, all wages (including overtime) earned, due, and owing to them on their regular payday(s) and following the termination of their employment. 43 PA. STAT. §§ 260.3 and 260.5.

107.    ATI violated, and is violating, the WPCL by depriving the Pennsylvania Class Members of all wages earned, due, and owing to them on their regular paydays and/or following the termination of their employment. *See* 43 PA. STAT. §§ 260.3 and 260.5.

108.    Schaeffer's and the other Pennsylvania Class Members' earned wages have remained unpaid for more than 30 days from the date they were earned, due, and payable.

109.    ATI's unlawful conduct harmed Schaeffer and the other Pennsylvania Class Members by depriving them of the earned wages they are owed.

110.    ATI's failure to pay Schaeffer and the other Pennsylvania Class Members earned wages was not the result of a *bona fide* dispute.

111.    Rather, ATI knowingly failed to pay earned wages to Schaeffer and the other Pennsylvania Class Members.

112.    Accordingly, ATI owes Schaeffer and the other Pennsylvania Class Members their unpaid earned wages plus prejudgment interest and all available penalty wages. *See* 43 PA. STAT. § 260.9a.

113.    ATI also owes Schaeffer and the other Pennsylvania Class Members liquidated damages in an amount equal to 25% of their unpaid earned wages. *See* 43 PA. STAT. § 260.10.

114.    Finally, Schaeffer and the other Pennsylvania Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* 43 PA. STAT. § 260.9a(f).

### JURY DEMAND

115.    Schaeffer demands a trial by jury on all Counts.

### RELIEF SOUGHT

WHEREFORE, Schaeffer, individually and on behalf of the other Hourly Employees, seeks the following relief:

a.   An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b.   An Order designating this action as a class action pursuant to FED. R. CIV. P. 23;

c.   An Order appointing Schaeffer and his counsel to represent the interests of the Hourly Employees;

d.   An Order finding ATI liable to Schaeffer and the other FLSA Collective Members for unpaid overtime wages owed under the FLSA plus an equal amount as liquidated damages;

e.   An Order finding ATI liable to Schaeffer and the other Pennsylvania Class Members for unpaid overtime wages owed under the PMWA plus all available penalty wages;

f.   An Order finding ATI liable to Schaeffer and the other Pennsylvania Class Members for unpaid earned wages owed under the WPCL plus liquidated damages in an amount equal to 25% of their unpaid wages;

g.   A Judgment against ATI awarding Schaeffer and the Hourly Employees all their unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA, PMWA, and WPCL;

h.   An Order awarding attorney's fees, costs, and expenses;

i.   Pre- and post-judgment interest at the highest applicable rates; and

j.   Such other and further relief as may be necessary and appropriate.

Date:    March 19, 2025

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Michael A. Josephson*
Michael A. Josephson, Esquire
PA ID No. 308410
Andrew W. Dunlap, Esquire
TX Bar No. 24078444
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch, Esquire
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist, Esquire
PA ID No. 85745
William F. Goodrich, Esquire
PA ID No. 30235
**GOODRICH & GEIST, PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
Tel: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS FOR SCHAEFFER AND
THE HOURLY EMPLOYEES**